[Civil No. 1494. Filed June 26, 1916.]

[158 Pac. 639.]

## P. T. HURLEY, Appellant, v. W. H. WILKY and EMMA A. WILKY, Appellees.

### ON REHEARING.

1. APPEAL AND ERROR—REVIEW—NEW TRIAL—APPELLATE COURT BOUND BY RECORD.—The appellate court is bound by the record as made, and may not consider reasons for awarding new trial not urged on motion for new trial, and judgment for the proper party on sufficient evidence will not be reversed for erroneous instructions, and remanded on the theory that additional evidence might be adduced at another trial.

2. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS INSTRUCTION—VERDICT FOR PROPER PARTY.—In an action on contract, a judgment

for defendant will not be reversed for erroneous instructions, where the evidence so conclusively shows no meeting of the minds, that no other verdict could be proper.

For former opinion, see *ante,* p. 45, 156 Pac. 83.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Order reversing judgment set aside and judgment affirmed.

Messrs. Armstrong & Lewis, for Appellant.

Messrs. Cox & Phelps and Mr. Ray A. Hall, for Appellees.

ROSS, C. J.—The appellees contend that, notwithstanding the erroneous instruction placing the burden of proof upon appellant, the case should not be sent back for a new trial, but that final judgment should be here entered as directed. Upon a reconsideration, we think the contention is right. As stated in the prevailing opinion, the minds of the parties did not meet—the evidence clearly shows this; and, if that be true, no cause of action exists in favor of appellant. The erroneous instruction was therefore immaterial.

It is suggested by appellant that, upon a retrial, evidence might be forthcoming to show that appellee, Wilky, did know he had bargained for Arizona Finance stock. We are bound by the record as made and presented to us, and may not consider what might have been urged upon a motion for a new trial in the court below.

We are satisfied that the order should have been one of affirmance, and it is accordingly now made.

FRANKLIN, J., concurs.

CUNNINGHAM, J. (Concurring).—I concur in the decision for the reasons stated by me in my dissenting opinion in this cause. I deem a restatement of such reasons unnecessary in the present state of the case.