[Civil No. 4132.  Filed February 5, 1940.]

[98 Pac. (2d) 851.]

RICHFIELD OIL COMPANY, a Corporation, Appellant, v. JAMES C. ESTES, Appellee.

Messrs. Woolf & Shute, for Appellant.

Mr. Robert DeWolf and Messrs. Lewkowitz & Wein, for Appellee.

LOCKWOOD, J.—James C. Estes, hereinafter called plaintiff, brought suit against Richfield Oil Company, a corporation, hereinafter called defendant, for damages for the alleged breach of a lease executed by defendant in favor of plaintiff. Defendant answered, claiming that the lease had been terminated by mutual consent, and denying any damages. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $1,100, and the matter was brought before us for review.

The record shows that defendant was the owner of a modern service station for the sale of gasoline, oil and auto supplies to the general public. On December 30, 1937, it made a written lease of the station to plaintiff who entered into possession of the premises and engaged in the sale of the above referred to products until May 24, 1938, when defendant retook possession thereof.

It is the contention of plaintiff, and the evidence presented by him sustains it, that he was evicted from the station by defendant, contrary to the terms of the lease.

It is the position of defendant, which is borne out by evidence offered on its behalf, that the parties by mutual consent agreed, on the date above referred to, to terminate the lease, and that it was so terminated.

There are several assignments of error, which we will take up in their order. In its reply brief defend-

ant admits that under the facts of the case, the first assignment of error must be overruled. We think its admission is correct and we desire to commend the frank manner in which it is made.

■ The second goes to the admission of a letter written by plaintiff to the manager of defendant some four days after the alleged eviction. This letter reads as follows:

> "Phoenix, Arizona
> "May 28, 1938

"Mr. H. J. Steitz
  "General Manager
    "Richfield Oil Corp.
"Dear Sir:
  "The lease I had on service station 1450 Phoenix entitled me to a 30 days notice before cancellation Which Mr. McIntyre and Mr. Speed seen fit not to grant. I think I am intitled to recieve compensation to cover loss of salary and sacrifice of equipment.
  "Thanks."

It is contended by defendant that this letter was a self-serving declaration which contains a conclusion of law affecting the terms of the lease, and that it was, therefore, inadmissible.

The pleadings show that the defense was predicated upon the theory that plaintiff had consented to a termination of the lease, and there was considerable evidence offered upon this point. We think the letter was admissible as bearing upon the question of whether plaintiff had or had not consented to a termination of the lease. The fact that the letter was written four days after the alleged eviction goes to the weight of the evidence, and not to its competency. This is especially true in view of the fact that there is evidence that defendant's witness Speed went to the home of plaintiff, accompanied by the attorney of defendant, after the letter was written, to discuss with

plaintiff the signing of a release of all rights in the premises.

■ The third assignment of error is, in substance, that the verdict and judgment are against the weight of the evidence. We have held in innumerable cases that if there is any reasonable evidence tending to support a verdict and judgment, we will not disturb them on the ground that, in our opinion, they are against the weight of the evidence.

■ It is true we have said several times that the trial judge, in effect, sits as a thirteenth juror, and if he believes a verdict is against the weight of the evidence it is his duty to set it aside, but we have also said that if he fails to do so, we cannot act on appeal because we think, either as individuals or as judges, that the weight of the evidence is with the losing party in the lower court. *Dennis* v. *Stukey,* 37 Ariz. 299, 294 Pac. 276.

■■ There is competent evidence in the record from which a trier of fact might conclude that the plaintiff was evicted wrongfully from his lease by defendant, and that he lost, through depreciation of his equipment and loss of future profits, an amount in excess of the verdict rendered by the jury. Even if we as individuals might have taken a contrary view to that taken by the jury on the disputed points in issue, it does not authorize us as a court to set aside the verdict and reverse the judgment.

The judgment is affirmed.

ROSS and McALISTER, JJ., concur.