405 P.2d 467

William SAMPSON, Appellant,

v.

TRANSPORT INDEMNITY COMPANY, a California corporation, Appellee.*
No. 1 CA–CIV 73.

Court of Appeals of Arizona.

Sept. 8, 1965.

Tognoni, Parsons & Gooding by Arthur B. Parsons, Jr., Phoenix, for appellant.

Snell & Wilmer by Roger W. Perry, Phoenix, for appellee.

STEVENS, Chief Judge.

This is an appeal from a judgment of the trial court denying appellant recovery under a fleet insurance policy issued by Transport Indemnity Company.

In a prior civil action appellant was awarded a default judgment in the amount of $18,000 for damages sustained by him in an automobile collision with a car being driven by William Posso. Appellant thereafter commenced the action now under consideration against the appellee upon a policy of insurance issued by it to Tanner Motor Tours covering the automobile which Posso was driving. The trial court held for the defendant insurance company and this appeal followed.

At the time of the accident, William Posso was employed by Arizona Motor Tours at its Camelback Inn branch. Posso was employed by Arizona Motor Tours to transport Camelback Inn guests to and from the airport; to take them on tours of Phoenix and the valley; and to maintain the cars and move them around the parking area. He had no employment relationship with Tanner Motor Tours. Arizona Motor Tours furnished cars for the use of the guests of Camelback Inn. For that

purpose it had three automobiles and, when others were needed, they were secured from Tanner Motor Tours, the defendant's insured. The car Posso was driving at the time of the accident had been acquired from Tanner Motor Tours the same or preceding day for the use of a hotel guest. The night of the accident Posso had taken a Cadillac convertible, belonging to Tanner Motors, for his own personal use. It was during this use that the accident involved herein occurred.

Tanner Motor Tours' rental automobiles were insured under a fleet liability policy issued by Transport Indemnity Company. Upon learning of the accident involving one of Tanner's cars, the Branch Claims Manager of Transport Indemnity Company in Phoenix investigated and concluded that Posso was not driving with the permission, express or implied, of the insured and refused to defend in the tort action or to pay the subsequent judgment.

A report of the accident was filed with the State Highway Department by William Posso. In his report to the Financial Responsibility Division he stated that he did not have any insurance coverage and that he was not driving in the course of employment. There was no correspondence between the State Highway Department and Transport Indemnity Company or between the State Highway Department and Tanner Motor Tours.

Following the accident, appellee's Claims Manager spoke on the telephone to a Mrs. Adams of the Financial Responsibility Section of the Arizona State Highway Department. After he had explained the situation under which Tanner's car was taken, Mrs. Adams stated that Tanner did not have to file a report because Posso had not claimed coverage under the Transport Indemnity Company insurance policy. No such report was subsequently filed.

On appeal appellant urges that the trial court erred in finding that:

(1) Posso was not driving with the permission of the insured.

(2) Transport Indemnity Company was not required to comply with A.R.S. § 28–1142, subsec. D.

(3) The "initial permission" rule does not apply in Arizona.

Appellant further contends that the court erred in consideration of the purported conversation between the Claims Manager and the Highway Department employee.

■ As a general rule, on appeal, evidence will be taken in the strongest manner in favor of the prevailing party and in support of the court's findings and judgment, and the judgment will not be disturbed when there is any reasonable evidence to support it. Kingsbery v. Kingsbery, 93 Ariz. 217, 379 P.2d 893 (1963); Holaway v. Realty Associates, 90 Ariz. 289, 367 P.2d 643 (1961).

■ While the appellant points out several times in the briefs that Posso had never been instructed not to use the cars for personal purposes, there is likewise an absence of testimony to the effect that he had ever been given permission to so use the automobiles. In the present case there is ample evidence to uphold the trial court's finding that Posso was driving without permission, either express or implied. Posso, himself, admits that at the time he took the car he knew that he had neither permission nor authority to do so.

Appellant contends that even if Posso were not driving with the insured's permission, the defendant is liable because it failed, following the accident, to deny that coverage existed.

A.R.S. § 28–1142 subsec. D reads as follows:

"Upon receipt of notice of the accident, the insurance company or surety company which issued the policy or bond shall furnish for filing with the super-

intendent a written notice that the policy or bond was not in effect at the time of the accident, if such was the case. If no such notice is received, the policy or bond shall be deemed to be in effect for the purposes of this chapter."

It is appellant's contention that the "notice" referred to in this subsection was received when appellee's branch Claims Manager conducted his investigation. Appellant urges that when appellee learned of the accident, to avoid liability under the statute, it should have written the Financial Responsibility Division that coverage under the policy issued to Tanner did not extend to the driving of Posso.

■ As a rule of statutory construction our Supreme Court has stated that the several provisions of a statute should be considered together in the light of the general purpose of the legislature as therein expressed. Powers v. Isley, 66 Ariz. 94, 183 P.2d 880 (1947). Consistent with the principle that statutes must be construed as a whole, subsection 28–1142, subsec. D will be interpreted in the light of and consistent with, the Financial Responsibility Chapter.

■ The purpose of the Uniform Motor Vehicle Safety Responsibility Act is to protect the public on the highways against the operation of motor vehicles by financially irresponsible persons. See 60 C.J.S. Motor Vehicles § 110b.

The Act works basically in the following way:

A driver involved in an accident resulting in bodily injury or death or damage to property in a stated amount is required to file an accident report. A.R.S. § 28–667 and § 28–1141. The superintendent then determines what amount of security the driver must deposit to satisfy any judgment that may later be recovered. A.R.S. § 28–1142, subsec. A. The driver's license and vehicle registration will be suspended if such security is nct deposited. A.R.S. § 28–1142, subsec. A. This security deposit, however, is not required if the driver had in effect at the time of the accident an automobile liability policy, complying with the statutory minimum requirements, covering the motor vehicle involved in the accident. A.R.S. § 28–1142, subsec. B, par. 1 and § 28–1142, subsec. C. See 5 Ariz.Law Review 248 (1964).

When the Financial Responsibility Division of the State Highway Department receives an accident form which asserts insurance coverage, the insurance company is notified of this fact. The statute then provides that the insurance company shall furnish a written notice to the superintendent that the policy or bond was not in effect at the time of the accident, if such was the case. If no such notice is received, the policy or bond shall be deemed to be in effect. A.R.S. § 28–1142, subsec. D.

■ The clear import of the legislature was not to impose liability on an insurance company where liability did not previously exist. The appellee contends that it never received "notice" of the accident which would require it to reply. It is our opinion from a reading of the entire statute that the "notice" A.R.S. § 28–1142, subsec. D speaks of in the first sentence is notice from the Financial Responsibility Division that a person involved in the accident claimed or asserted coverage under a policy issued by the insurance company.

■ In the present case, Posso, in filling out the form for the Financial Responsibility Division, did not claim that he was insured by the appellee or that he was driving within the scope of his employment. Further, the record shows that there was no correspondence between the Arizona Highway Department and Tanner Motor Tours or Transpo.t Indemnity Company. The appellee not having received notice of a claimed policy coverage from the Financial Responsibility Division, would not receive the "notice" contemplated by A.R.S. § 28–1142, subsec. D and, therefore, the appellee was not required to file a report denying coverage.

Posso testified that his prior driving of Tanner's automobiles had consisted of moving them about the Camelback Inn's parking area. In our opinion this limited driving does not constitute such permission as would bring it within the scope of the initial permission rule. At the time of the accident Posso was driving the automobile purely for his personal pleasure. The records show that he had neither authority or permission to so do nor had he ever so used a car belonging to Tanner. The rule of initial permission, therefore, would be inapplicable. For the purpose of this appeal the Court need not and does not determine whether the initial permission rule applies in Arizona.

Finally, appellant contends that the court erred in admitting in evidence the testimony of appellee's Claims Manager, with respect to a telephone conversation he had with Mrs. Adams, an employee of the Arizona Highway Department. Appellant's counsel objected to the admission of the conversation in the trial court on the grounds it was not material or relevant to the issues in the case and further that it was self-serving. From an examination of the record, it is apparent that the testimony was material to the issues in the case and relevant and the trial court properly overruled the objections on these grounds. The objection that the testimony was self-serving, was also properly overruled by the trial court. Richfield Oil Company v. Estes, 55 Ariz. 81, 98 P.2d 851 (1940). As stated in Udall, Arizona Law of Evidence, p. 26:

"The fact that offered evidence is self-serving will not exclude it unless there is some other independent ground for objection." See also Brown, The Hearsay Rule in Arizona, 1 Ariz.Law Review 1, 5 (1959).

On appeal the appellant raised the objection of hearsay for the first time. It is settled that an appellant may not stand

on one ground of objection in the trial court and urge another on the appellate level. Skousen v. Nidy, 90 Ariz. 215, 367 P.2d 248 (1961); Jost v. Ross, 82 Ariz. 245, 311 P.2d 840 (1957). This court will not consider an objection that was not first made in the lower court. Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262 (1952).

The judgment of the trial court is affirmed.

CAMERON and DONOFRIO, JJ., concurring.