472 P.2d 487

Frank VAN DUSEN, dba Arizona Plumbing Company, Appellant,

v.

REGISTRAR OF CONTRACTORS, State of Arizona, and Forbes R. Beck, Real Party in Interest, Appellees.

No. 1 CA–CIV 1218.

Court of Appeals of Arizona, Division 1, Department A.

July 22, 1970.

Goodson, Richmond, Rose & Wolfram, by John F. Goodson, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by T. A. Miller, Asst. Atty. Gen., for appellee.

Forbes R. Beck, in pro. per.

STEVENS, Judge.

Frank Van Dusen appealed an order and finding of the Registrar of Contractors suspending his Class C–37 license for violation of A.R.S. § 32–1154, subsec. 12, to the Superior Court. The judgment of the trial court held in favor of upholding the decision of the Registrar of Contractors. The trial court denied the plaintiff's motion for new trial and to amend the judgment.

The plaintiff filed a notice of appeal from the court's order entered 18 July 1969 denying plaintiff's motion for new trial and to amend the judgment.

The appellant, Frank Van Dusen, was a plumbing contractor and was so engaged during the year 1965. Mr. Van Dusen had a plumbing business known as the Arizona Plumbing Company and obtained a C–37 plumbing license on or about the 18th day of December 1964. Mr. Van Dusen employed a Mr. S. J. Pyle as a sales agent of that business. Mr. Pyle, among other things, was responsible for obtaining sales contracts. Mr. Pyle approached Mr. Forbes R. Beck and informed Mr. Beck that if he (Beck) could find customers for plumbing contracts, he would be paid $8.00 per contract.

During the last half of 1965, Mr. Beck was responsible for obtaining some 57 contracts between Arizona Plumbing Company and various Scottsdale, Arizona residents for certain sewer hookups required by a Scottsdale City Ordinance. The Arizona Plumbing Company received in excess of $7,000.00 for the work done on the 57 contracts. Mr. Beck did not collect any of his commissions from either Mr. Van Dusen or the Arizona Plumbing Company.

Mr. Beck later sued Van Dusen and secured a judgment in the amount of $237.40 in the Justice Court of Scottsdale, County of Maricopa, State of Arizona, by The Honorable Harold Holcomb, Justice of the Peace, on 29 July 1966.

On 2 November 1966, Mr. Beck filed a complaint with the Registrar of Contractors alleging he solicited contracts for plumbing jobs and that Mr. Van Dusen had refused to pay. Mr. Beck's complaint indicated that Mr. Beck felt his work constituted services as provided in A.R.S. § 32–1154, subsec. 12.

A hearing was conducted on 9 March 1967 before a Registrar of Contractors Hearing Officer. The Hearing Officer made findings of facts and concluded that the appellant had committed a violation of A.R.S. § 32–1154, subsec. 12 and recommended that he be suspended for a period of 30 days, or in the alternative if tender of the amount due to Beck were made prior to the effective date of the suspension, that the suspension be reduced to a probation for the same amount of time. The appellant made application for rehearing, which was denied, and appealed to the Superior Court of Maricopa County.

The Superior Court for Maricopa County affirmed the decision of the Registrar.

The appellant presents three questions on review. We consider first his question number (C), which he phrases as follows:

"If the Registrar can revoke a contractor's license for the failure to pay for

520

services rendered in connection with his operations as a contractor, is it constitutional?"

This question is not properly before this Court for review. The appellant's motion for new trial and to amend the judgment, the order appealed from, discloses that this question was not presented to the Registrar of Contractors nor to the Superior Court. The question may therefore not be raised initially on appeal for alleged errors not presented by the motion for new trial are not reviewable. Hurley v. Wilky, 18 Ariz. 270, 158 P. 639 (1916). The scope of the appeal may not be enlarged beyond the matters assigned as error in the motion for new trial. Gabriel v. Murphy, 4 Ariz.App. 440, 421 P.2d 336 (1967). The reason for this rule is sound in that the trial court must be given the opportunity to correct any errors at the trial court level before an appeal is taken. Gabriel.

The appellant next propounds the question:

"Were the findings correct that Mr. Beck fell within the protection of A.R.S. § 32–1154(12)?"

■ As a general rule, on appeal, evidence will be taken in the strongest manner in favor of the prevailing party and in support of the Court's findings and judgment, and the judgment will not be disturbed when there is any reasonable evidence to support it. Sampson v. Transport Indemnity Company, 1 Ariz.App. 529, 405 P.2d 467 (1965).

A.R.S. § 32–1154 is entitled "grounds for suspension or revocation of license."

■ A.R.S. § 32–1154, subsec. 12 reads as follows:

"Wilful or deliberate failure by a licensee or agent or official thereof to pay monies when due for materials or services rendered in connection with his operations as a contractor when he has the capacity to pay or when he has received sufficient funds therefor as payment for the particular construction work project or operation for which the services or materials were rendered or purchased."

This Court has examined the record and finds that there was reasonable evidence to support the trial court's determination that the appellee properly came within the protection of that statute. The appellee's complaint was based upon a liquidated debt in the amount of $237.40, which had been reduced to judgment on 29 July 1966. The evidence showed that the appellant had received in excess of $7,000.00 for the work done on the 57 contracts secured by the appellee. The trial court was correct in finding that the appellee's services were in connection with the appellant's operation as a contractor within the meaning of the statute.

■ The appellant argues that the hearing officer erred in refusing to consider testimony concerning the appellant's ability to pay. The statute is clearly written in the alternative on this subject, differentiating between capacity to pay and receiving sufficient funds therefor as payment for the particular construction work project for which the services were performed. This is an "either/or" situation. As has been stated, the evidence showed that the appellant received over $7,000.00 as a direct result of the services rendered by the appellee. This fact situation fits alternative number two, therefore alternative number one need not be considered.

The judgment is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.