475 P.2d 722

**STATE of Arizona, Appellee,**

v.

**John Lee SELLERS, Appellant.**

**No. 2112.**

Supreme Court of Arizona,
In Banc.

Oct. 23, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

James E. Dalzell, Tucson, for appellant.

UDALL, Justice:

Defendant John Lee Sellers was convicted of the crime of first degree murder and sentenced to life imprisonment in the death of his mother, Mrs. Jackie Hardy. Defendant appeals from the conviction, sentence and judgment of the Superior Court, Pima County.

The issue defendant presents in this appeal is whether the evidence presented to the jury was sufficient for it to find the requisite deliberation and premeditation to sustain a verdict of first degree murder. A.R.S. § 13–452. Defendant asks that the conviction be reversed or that the judgment be modified to one of second degree murder, pursuant to the authority granted this court by A.R.S. § 13–1716.

In determining the issue before us, we must view the evidence in a light most favorable to upholding the jury's verdict. So long as there is substantial evidence in the record supporting such verdict, this court must resolve conflicts in the evidence against the defendant. State v. Bradley, 99 Ariz. 328, (1965), 409 P.2d 35; State v. Hernandez, 96 Ariz. 28, 391 P.2d 586 (1964); State v. Izzo, 94 Ariz. 226, 383 P.2d 116 (1963); Moore v. State, 65 Ariz. 70, 174 P.2d 282 (1946). A brief summary of the evidence is as follows:

The defendant and his mother, the deceased, lived together in a trailer in Tucson. On June 3, 1968 the deceased and the defendant disappeared. The remains of the deceased were found several weeks later in a shallow grave in the desert near Tucson. Medical experts established that the cause of death was several traumatic blows to the head, resulting in multiple skull fractures. The testimony revealed that at least seven blows were inflicted and that any one of the blows could have caused death.

A subsequent investigation of the trailer where the deceased and the defendant had lived revealed considerable evidence of blood, particularly in the bedroom where the deceased slept. A hammer, with blood stains on its head, was also found in the bedroom. Further testimony established that the hammer head fit at least two of the fractures of the deceased's skull.

Other testimony on behalf of the prosecution indicated that the decedent and the defendant had been together most of the day of June 2 and arrived home early in the evening. Witnesses observed the deceased's pickup truck leave the trailer at about 4 a. m. the morning of June 3. Defendant frequently drove the truck. The truck was later found abandoned. It contained blood stains and the defendant's boots, also stained with blood.

The defendant took the stand on his own behalf and denied being present at the trailer at the time the crime was committed. He testified that he had gone to a store some miles away to purchase beer and that he found his mother's body when he returned. He also testified that he was afraid to call the police because he was then on parole. He described attempting unsuccessfully to burn the body, then loading it into the pickup and burying it nearby. He testified that he then purchased a gun and fled to California.

The jury disregarded defendant's testimony that he was not present at the time of the murder. This it was permitted to do. See State v. Izzo, 94 Ariz. 226, 230, 383 P.2d 116, 118 (1963). The jury found the defendant guilty of first degree murder and set the penalty at life imprisonment.

As we have stated earlier, the only issue presented here is whether the evidence was sufficient to support the verdict of first degree murder. The evidence shows clearly that the deceased was killed by a deadly weapon, i. e. a hammer. Malice aforethought can be inferred from the use of a deadly weapon. State v. Izzo, supra; State v. Rivera, 94 Ariz. 45, 381

P.2d 584 (1963); State v. Preis, 89 Ariz. 336, 362 P.2d 660 (1961). The defendant herein introduced no evidence of provocation or other circumstances to reduce the crime from murder to manslaughter. See A.R.S. § 13-454, State v. Maloney, 101 Ariz. 111, 416 P.2d 544 (1966).

Defendant correctly points out that in order to prove first degree murder as opposed to second degree murder the state must prove deliberation and premeditation beyond a reasonable doubt. Moore v. State, 65 Ariz. 70, 174 P.2d 282 (1946). In this case the evidence is circumstantial. However, deliberation and premeditation may be shown from the circumstances. State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968); State v. Izzo, supra; State v. Singleton, 66 Ariz. 49, 182 P.2d 920 (1947).

Here the evidence shows not only that the murder was committed with a deadly weapon, but further that it was committed by means of repeated blows, numbering at least seven, and any one of which was sufficient to cause death. In addition the evidence also shows defendant's steps shortly after the murder to dispose of the body.

The jury was properly instructed as to first degree murder. That instruction was in part as follows:

"To constitute murder of the first degree the killing, as I say, must be accompanied by a clear, deliberate intent to take life. The intent to kill must be the result of deliberate premeditation and formed upon a preexisting reflection and not upon a sudden heat of passion to preclude the idea of deliberation. There need be, however, no appreciable space of time between the intention to kill and the act of killing. They may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by and be the result of a concurrence of will, deliberation and premeditation on the part of the slayer. And if such is the case the killing is murder of the

first degree, no matter how rapidly these acts of mind may succeed each other or how quickly they may be followed by the act of killing."

The instruction is the same as that approved by this court in State v. Maloney, 101 Ariz. 111, 416 P.2d 544 (1966), and State v. McGee, 91 Ariz. 101, 370 P.2d 261, cert. den. 371 U.S. 844, 83 S.Ct. 75, 9 L.Ed. 2d 79 (1962). See also, Sullivan v. State of Arizona, 47 Ariz. 224, 55 P.2d 312 (1936); Macias v. State, 36 Ariz. 140, 283 P. 711 (1929).

■ It is not the duty of this court to re-try conflicts in the evidence or to determine whether we would reach the same result as the jury. State v. Foggy, 101 Ariz. 459, 420 P.2d 934, cert. den. 386 U.S. 1025, 87 S.Ct. 1386, 18 L.Ed.2d 468 (1967); State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965). In this case we are of the opinion that the circumstances are sufficient to justify the jury's conclusion that the only reasonable hypothesis was murder in the first degree. Moore v. State, supra.

■ On September 30, 1970 defendant, acting *pro se*, filed with this court a "Petition for Postponement". In this petition defendant expresses dissatisfaction with his present counsel, and requests that this court postpone action on the appeal pending appointment of other counsel for the purpose of filing new briefs on defendant's behalf. We have carefully considered this motion together with the record on appeal and conclude that the motion should be denied. The record shows that defendant has already been represented by no less than six attorneys in this matter and that defendant has expressed dissatisfaction with all who have represented him.

The judgment is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.