563 P.2d 914

**STATE of Arizona, Appellee,**

v.

**Mark Arthur CALHOUN, Jr., Appellant.**

**No. 1 CA–CR 2154.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 19, 1977.

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

This is another in the growing genre of cases wherein it is contended that fundamental error occurred when the prosecution elicited testimony and thereafter commented upon a defendant's silence following arrest, or, more particularly here, his failure to communicate fully exculpatory information to which he later testifies at trial.

The appellant was found guilty by a jury of possessing stolen property,[1] the stolen property being two turquoise-and-silver bracelets which belonged to Clayton Lundeen. The evidence adduced at trial showed that appellant sold these two bracelets to a third party the day following a party at the Lundeen residence, which appellant attended. Appellant testified at the trial that he purchased the two bracelets from a blond-haired young man whom he knew only as "Mike" on the same day and at the same convenience store where he negotiated a resale of the articles. Appellant testified that "Mike" had also been at the Lundeen party and that he (appellant) did not know the bracelets belonged to Clayton Lundeen.

Although appellant has combined his claims into a single argument, there are

---

1. A.R.S. § 13–621, as amended Laws 1969, Ch. 133, § 5.

actually a plurality of distinctive contentions which require separate treatment.

█ Prior to trial, with the advice of counsel and pursuant to a stipulation duly entered in the record, appellant submitted to a polygraph test. The stipulation provided that the results of the test would be admissible unless they were inconclusive. As a part of the state's case in chief, the examiner, who was an employee of the Department of Public Safety, testified as to the results, which were, in critical part, adverse to appellant. Thereafter, the prosecutor elicited from the examiner the following testimony:

"Q Now, after you concluded the test portion I believe you said you had a subsequent interview with him, is that correct?

"A Yes, sir.

"Q And what did you say to him; what was the conversation?

"A Oh, we talked about—I told Mr. Calhoun that he had not told the truth during the test.

"Q What was his response when you said that?

"A He made no response. He didn't— he neither admitted or denied the allegations.

"Q Okay. What was said next?

"A Well, after some period of time, we just talked about various things and I asked Mr. Calhoun if there was a possibility if him and Jimmy Lundeen had ripped off Mr. Lundeen to get some money to cover their activities, because I knew that they run around together and this sort of thing. And his statement was that he would not answer that question, that he couldn't answer it.

And at that time I told him: Well, now, Mark, you can lie to me, you can lie to the police, you can lie to anyone you want, but for gosh sakes don't lie to your lawyers."

The stipulation referred to above expressly provided for admission of the results of the polygraph but it cannot, in our view, be construed as providing for admission of this post-examination interview.

Later, appellant testified on direct examination by his own counsel that he did not respond to these post-examination allegations or questioning upon the advice of his attorney. Appellant's counsel did not move then or thereafter to strike the previous testimony, quoted above. The testimony was the subject of substantial comment by the prosecutor in his argument to the jury.

In *State v. Izzo,* 94 Ariz. 226, 229, 383 P.2d 116, 117 (1963), our Supreme Court stated:

"In certain instances silence does amount to an admission against interest, . . . [citation omitted] but not where it is on the advice of counsel [citation omitted]."

In *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), allusion to defendant's silence after arrest and after communication of *Miranda* [2] warnings was held impermissible under the fifth and fourteenth amendments to the United States constitution. Our own Supreme Court had anticipated *Doyle* in a line of cases of which *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973), is exemplary.[3] These cases held allusions to post-arrest silence reversible on the basis of the doctrine of fundamental error.

The testimony quoted above was clearly inadmissible under *State v. Izzo, supra.* In *Izzo,* error was avoided by an admonition to the jury. There was none here. We believe in view of the holdings in the closely analogous line of cases including *State v. Anderson, supra* that our Supreme Court would apply the doctrine of fundamental error in this situation.

The state contends, however, that the admission of this testimony, if erroneous, falls within the harmless error rule. We

---

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. *See also State v. Ward,* 112 Ariz. 391, 542 P.2d 816 (1975); *State v. Shing,* 109 Ariz. 361,

509 P.2d 698 (1973); *State v. Simoneau,* 98 Ariz. 2, 401 P.2d 404 (1965); *State v. Greer,* 17 Ariz.App. 162, 496 P.2d 152 (1972).

agree. While the appellant in his brief comments briefly upon this evidence, the sole thrust of the brief is that the cross-examination of the defendant himself constitutes the error involved in this case. Here the evidence against the defendant was overwhelming. The bracelets were taken at a party at which the defendant was present. He sold these bracelets right after the party and told the buyer they came from the reservation. Even though he knew the bracelets were missing he failed to tell his friends about the sale and pretended to hunt for the bracelets. Another witness testified that the defendant had sold other jewelry from the Lundeen burglary. He flunked the polygraph test in critical areas. In short, we find any error harmless beyond a reasonable doubt. *State v. Shing, supra.*

■■ Appellant also complains of three questions put to him on cross-examination and two questions put to Officer Hill in the state's case on rebuttal. Each of these questions drew a generally negative response, to the effect that appellant had not responded to certain questions or provided certain particular information at the time he was questioned following his arrest.

The difficulty with appellant's position in regard to these matters is twofold. First, appellant did not remain silent at the time of his arrest. He answered police questions after having been advised of his right to remain silent. He also took the stand and testified at some length on direct examination as to what he told the police.

In *State v. Raffaele,* 113 Ariz. 259, 263, 550 P.2d 1060, 1064 (1976), the court stated:

"Appellant's final assertion is that the prosecutor, in his closing argument, violated appellant's Fifth Amendment rights by commenting on his failure to give a complete explanation at the scene.

\* \* \* \* \* \*

"The weakness of appellant's claim is that he did make a statement to the arresting officers after having been advised of his rights. The appellant did testify at trial. The prosecutor could not have been commenting on the accused's right to remain silent because the accused did not keep silent. As pointed out in *State v. Anderson, supra:* [110 Ariz. 238, 517 P.2d 508 (1973)]

" 'When a defendant makes a statement at trial which is inconsistent with an earlier statement his credibility is clearly in question. This rationale does not follow with silence at the time of arrest.' 110 Ariz. at 241, 517 P.2d at 511.

"The statements of the prosecutor were permissible comment on the creditability [sic] of the accused by comparing his court testimony with his earlier out-of-court statements."

It is post-arrest silence which is protected by *Doyle v. Ohio, supra.* We believe that the quoted holding in *Raffaele, supra* is consistent with *Doyle* and that where an accused has been basically responsive and has not expressly refused to answer a particular question or give particular information, and he later gives more expansive testimony at trial, the earlier omissions may be the subject of inquiry upon otherwise proper cross-examination as a means of testing the truth of the testimony. Here, the defendant attempted to create a defense based upon the police inaction in finding the true culprit. The prosecutor had the absolute right to cross-examine the defendant concerning this alleged police incompetency defense. *See also Agnellino v. New Jersey,* 493 F.2d 714 (3rd Cir. 1974) (separate concurring opinions of Seitz, C. J., and Weis, J.); *cf. State v. O'Dell,* 108 Ariz. 53, 492 P.2d 1160 (1972).

■ Finally, one of the comments to the jury claimed to be objectionable by appellant concerned appellant's failure to communicate exculpatory information to Jimmy Lundeen, the son of Clayton Lundeen, prior to arrest. There is no Fifth Amendment protection to be accorded to that kind of unofficial communication, or silence.

Appellant's conviction and sentence are affirmed.

FROEB, C. J., and Ogg, J., concurring.