NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HKB, INC., *Plaintiff/Appellee,*

*v.*

IMPERIAL CRANE SERVICES, INC., *Defendant/Appellant.*

No. 1 CA-CV 20-0402
FILED 6-8-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-000548
The Honorable Roger E. Brodman, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Broening Oberg Woods & Wilson, P.C., Phoenix
By Tyler M. Abrahams, Robert T. Sullivan, Kelley M. Jancaitis
*Counsel for Plaintiff/Appellee*

DKL Law, PLLC, Tempe
By David W. Lunn
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1          Imperial Crane Services, Inc. ("Imperial") appeals the superior court's denial of a motion for new trial challenging rulings made after a bench trial that awarded HKB, Inc. dba Southwest Industrial Rigging ("Southwest") contractual interest on a pre-judgment interest calculation and attorneys' fees.  Imperial also appeals the court's pre-judgment award of sanctions to Southwest.  For the following reasons, we vacate that portion of the judgment ordering interest on the pre-judgment interest calculation and remand for a revised judgment.[1]  We lack jurisdiction to address the sanctions ruling and affirm all other rulings challenged by Imperial.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Beginning in 2015, the parties entered into several agreements for Imperial to lease certain cranes from Southwest, which Imperial would use or re-rent to its own customers.

¶3          The lease agreements were written in two different versions, both of which required Imperial to pay interest on unpaid rent accruing at 18% annually.  Neither version of the lease agreement provided for compound interest to accrue.  Imperial would occasionally ask Southwest for rent abatement for a particular leased unit, described by Imperial as being "off-rent" when the unit was not in use.  Southwest occasionally granted Imperial rent abatement based on Imperial's representation that a particular unit was not in use by Imperial or its sublessee.

---

[1]          During the pendency of the instant appeal Appellants filed a motion to suspend the appeal and revert jurisdiction to the superior court, claiming that Appellees had not disclosed all payments received regarding the repair of unit 1587.  We have summarily denied that motion via separate order and, without taking a position on the merits, leave the matter of any potential credits due on the recalculation of the judgment amount owed for the superior court to determine on remand.

¶4        In 2017, Imperial stopped paying rent on several of Southwest's cranes. Southwest invoiced Imperial and requested payment for unpaid lease amounts.

¶5        When Imperial did not pay, Southwest sued Imperial, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, common law fraud, negligent misrepresentation, conversion, trespass to chattels, negligence, and unjust enrichment. Southwest sought $990,524 in overdue rent plus accrued interest.

¶6        Southwest moved for declaratory judgment requesting a declaration that Imperial owed interest at 18% annually on all unpaid or late-paid rents. Imperial responded that Southwest had waived its right under the lease agreements to collect interest. The superior court ruled Imperial owed 18% interest on any unpaid amounts.

¶7        After a three-day bench trial, the superior court found that Imperial breached its lease contracts and failed to pay Southwest for rents owed. As part of its ruling, the court found that Southwest waived its right to reject retroactively and universally the "off-rent" rent-abatement practice. The court ordered Imperial to pay Southwest $406,959.42 for unpaid rents plus interest at 18% in the amount of $237,249.16, for a total judgment of $644,208.58. The court also ordered Imperial pay $432,000 in attorneys' fees pursuant to the lease agreements.

¶8        Upon reviewing Southwest's proposed form of judgment, the superior court found that Southwest did not waive its right to collect interest, finding as a factual matter that Imperial failed to meet its burden to prove waiver. The court entered final judgment ordering Imperial to pay interest on the total judgment—including on the interest amount of $237,249.16—at the contractual rate of 18% until paid. Imperial filed motions to amend the judgment and for new trial, which the court denied.

¶9        We have jurisdiction over Imperial's timely appeal from the denial of the motion for new trial under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(a). This court dismissed Southwest's cross-appeal upon Southwest's motion.

## DISCUSSION

¶10        We generally review the denial of motion for new trial for abuse of discretion. *Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 542, ¶ 28 (App. 2002).

I.      Right to Collect Interest

**¶11**          Imperial argues that because Southwest repeatedly failed to invoice for interest on late-paid invoices, the superior court erred in determining Southwest did not waive its right to collect interest.

**¶12**          Waiver is the intentional relinquishment of a known right and can be shown by conduct inferring intentional relinquishment. *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55 (1980). Whether waiver occurs is a fact question. *Minjares v. State*, 223 Ariz. 54, 58, ¶ 17 (App. 2009). The superior court's finding that Southwest did not waive its right to collect interest is binding on this court unless that finding is clearly erroneous. *Id.* at 58-59, ¶ 17. A factual finding is not clearly erroneous if supported by substantial evidence. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 189, ¶ 58 (App. 2008).

**¶13**          Here, Imperial points to no evidence that Southwest ever agreed to waive interest or acted in any way inconsistent with the right to collect interest. The alleged failure to invoice for interest does not constitute a waiver of the right to collect interest. Imperial even stipulated in the joint pretrial statement as a material fact that "neither lease form requires that Southwest invoice Imperial for the rents or interest to accrue or be due."

**¶14**          Imperial argues that because the superior court ruled Southwest waived its rights in off-rent situations, the court likewise should have found Southwest waived its right to collect interest under the lease agreements. However, "[t]he waiver of one right under a contract does not necessarily waive other rights under the contract." *Ranier*, 125 Ariz. at 55. Because the superior court's factual finding on waiver was not clearly erroneous, we uphold it.

II.     Calculation of Amount of Interest Owed

**¶15**          In the alternative, Imperial argues the superior court erred in calculating the amount of interest Imperial owed Southwest. Imperial argues that Southwest waived interest until it filed the complaint because it submitted no invoices to Imperial before filing the complaint that requested interest. This argument merely reframes its interest-waiver argument above. Again, no invoices were necessary to trigger the interest provision. The timing of the filing of the complaint does not affect the waiver analysis. We find no error.

III.    18% Interest on Interest Award

¶16        Imperial argues the superior court erred in interpreting the lease agreements' interest provisions and in ordering Southwest to recover interest on the total judgment, including $237,249.16 in pre-judgment interest. Southwest argues that post-judgment interest at the contractually agreed upon rate applies to the entire amount of past-due obligations, including the pre-judgment interest portion.

¶17        We review the superior court's interpretation of leases de novo. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). We interpret a contract to make it reasonable and effective, giving ordinary meaning to words, and construing the meaning of a provision from the language the parties used. *Cnty. of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 599, ¶ 16 (App. 2010).

¶18        Two versions of the lease agreements are at issue. The short form states that "[u]npaid rentals shall bear Interest at 18% per annum." The long form states that "Lessee shall pay interest on any overdue Rent or other late payment" at 18% per year, which "shall accrue up to and including the date of the final payment of all amounts due regardless of the fact that the overdue amounts have been reduced to judgment." Citing the long-form lease agreement language calling for interest on "late payments," the superior court explained that because $237,249.16 in interest was due at the time it rendered judgment, that amount constituted a "late payment" and an additional 18% was due on that amount. But a late payment is distinct from interest. Moreover, neither lease agreement expressly provides for interest on interest, so-called compound interest, to accrue. *See Metzler v. BCI Coca-Cola Bottling Co. of L.A.*, 235 Ariz. 141, 146, ¶ 22 (2014) (comparing interest on interest with compound interest). Rather, both lease agreements call for simple interest. *Cherokee Nation v. United States*, 270 U.S. 476, 490 (1926) ("The general rule, even as between private persons, is that, in the absence of a contract therefor or some statute, compound interest is not allowed to be computed upon a debt."); *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 124 Ariz. 242, 267 (App. 1979) (declining to award compound interest in absence of supporting authority).

¶19        Southwest argues that awarding interest on interest is permissible, citing *Markham Contracting Co. v. First American Title Insurance Co.*, 1 CA-CV 12-0195, 2013 WL 3828690 (Ariz. App. July 18, 2013) (mem. decision) for support. In *Markham*, a panel of this court found that a general contractor was entitled to post-judgment interest provided by A.R.S. § 44-1201(B) on the entire underlying judgment in a mechanics' lien foreclosure

action, including post-judgment interest on the pre-judgment interest. *Id.* at *13-*15, ¶¶ 52-58. *Markham* is distinguishable because it involved statutory post-judgment interest under A.R.S. § 44-1201(B). Here, the court awarded interest pursuant to lease agreements, not a statute. *See* A.R.S. § 44-1201(A) (mandating that "[i]nterest on any judgment that is based on a written agreement evidencing a loan, indebtedness or obligation . . . shall be at the rate of interest provided in the agreement and shall be specified in the judgment."). Given the lease agreements provide for simple interest, the judgment awarding 18% on the accumulated interest of $237,249.16 was in error. We vacate that portion of the judgment ordering 18% contractual interest on the interest and remand for a judgment consistent with this decision.

## IV.     Rent Abatement

**¶20**         We do not address Imperial's challenge to the superior court's factual finding on the reasonable time to repair a particular damaged crane, which, in turn, affected the court's unpaid principal rent-collection calculation. Because this argument is tantamount to challenging the principal amount owed, which Imperial does not dispute, Imperial withdraws this argument.

## V.     Testimony of Harry Baker

**¶21**         Imperial asserts that the superior court erred by allowing Harry Baker, Southwest's president, to testify regarding Southwest's damages. We will affirm the superior court's evidentiary rulings unless it clearly abuses its discretion with resulting prejudice. *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996).

**¶22**         Although Southwest's disclosure of Baker and several other witnesses included a global statement of expected testimony for all witnesses rather than detailing specific testimony for each, the record supports the superior court's factual finding that Baker was adequately disclosed to testify about damages generally. Further, in the order denying motion for new trial, the court specifically noted that it disregarded Baker's testimony on damages issues material to Imperial. Ultimately, Imperial does not challenge the court's calculation as to the principal amount due for damages and points to no specific testimony that was improper or that resulted in prejudice. The court did not abuse its discretion by allowing Baker to testify at trial.

VI.    Attorneys' Fees

¶23    Imperial argues the superior court erred in finding Southwest the prevailing party and awarding attorneys' fees pursuant to the lease agreements and A.R.S. § 12-341.01(A).

¶24    For purposes of awarding attorneys' fees under § 12-341.01(A), the determination of the successful party is within the sole discretion of the superior court, a finding we will uphold on appeal if any reasonable supporting basis exists. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985); *Kaman Aerospace v. Ariz. Bd. of Regents*, 217 Ariz. 148, 157, ¶ 35 (App. 2007). We review the record in the light most favorable to upholding the court's determination. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 587, ¶ 31 (App. 2001).

¶25    Imperial argues that Southwest was not the prevailing party because Southwest lost most of its claims, including the tort claims, and did not recover a significant portion of its claimed damages. But the superior court in its discretion may award attorneys' fees to a partially successful party. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 14, ¶ 24 (App. 2011). Here, the court considered the factors in *Associated Indemnity Corp.*, relevant to a discretionary attorney-fees determination and found Southwest the prevailing party on the totality of the litigation. *See* 143 Ariz. at 570. The record supports the court's determination. Shortly after Southwest filed its complaint, Imperial acknowledged it owed Southwest money pursuant to its contractual obligations and paid Southwest $207,498.20. Southwest ultimately obtained a judgment on its breach of contract claim for over $644,208.58, including principal and interest. Although Southwest lost on its fraud claim, the court found that the breach of contract claim was the "key claim" in this litigation.

¶26    Imperial also challenges the amount of attorneys' fees as unreasonable, which we likewise review for abuse of discretion and will uphold upon finding a reasonable basis. *ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 52 (App. 1996).

¶27    Imperial contends the fee award is unreasonable because counsel for Southwest billed excessive hours without concern for client oversight due to its contingency-fee arrangement, blocked billed, and had numerous legal professionals billing simultaneously. However, the superior court did not award Southwest attorneys' fees based on the number of hours billed, but rather on its contingency-fee arrangement based on Southwest's overall recovery. Section 12-341.01 authorizes the

court to award attorneys' fees in a contingency-fee case. *See Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 545 (1982). In contingency-fee cases, the court may award attorneys' fees based on the total amount of the client's recovery. *See Marcus v. Fox*, 155 Ariz. 524, 525-26 (App. 1987).

**¶28** Here, noting that Southwest had a 40% fee agreement with its counsel, the superior court used that agreement as the "fairest method to calculate Imperial's liability for attorneys' fees." The court found that Southwest's total award since filing lawsuit was $1,081,071, including Imperial's insurer's payment of $229,364.29 for property damage, Imperial's payment of $207,498.20 during litigation, and the final judgment of accumulated interest plus principal for $644,208.58. The court then awarded attorneys' fees in an amount slightly less than 40% of the total recovery. Because the court used a reasonable basis to determine the amount of attorneys' fees, we find no error in the amount of fees awarded.

VII.   Discovery Sanctions

**¶29** Finally, Imperial challenges the superior court's pre-judgment award of discovery sanctions to Southwest based on disclosure violations. Southwest argues this court lacks jurisdiction to review the order because Imperial only appeals from the denial of the motion for new trial and not the judgment. The scope of our review of an appeal from a motion denying a new trial is limited to matters challenged as error in the underlying motion. *Van Dusen v. Registrar of Contractors*, 12 Ariz. App. 518, 520 (1970); *Wendling v. Sw. Sav. & Loan Ass'n*, 143 Ariz. 599, 602 (App. 1984). Imperial did not challenge the sanctions ruling in its motions to amend or for new trial. Because Imperial has failed to appeal the award of discovery sanctions, our review is limited to the court's denial of the motion for new trial. Therefore, we do not address the sanctions ruling.

VIII.   Attorneys' Fees on Appeal

**¶30** Southwest seeks attorneys' fees on appeal pursuant to the lease agreements and § 12-341.01. Pursuant to the lease provisions providing for recovery of attorneys' fees, and finding Southwest the overall prevailing party on appeal, in our discretion we award reasonable attorneys' fees to Southwest.

## CONCLUSION

**¶31** For the foregoing reasons, we vacate that portion of the superior court's judgment ordering interest on the pre-judgment interest and remand for a revised judgment consistent with this decision. We affirm

all other rulings. We award reasonable attorneys' fees on appeal to Southwest. Pursuant to A.R.S. § 12-342, we award costs on appeal to Southwest upon compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.



AMY M. WOOD • Clerk of the Court
FILED: AA