Black v. Wistar.

1. It is not stated, at what place the defendant followed the business of a huckster.

2. It is not stated, in what city High Street market is situated.

*3. It is not stated, against which clause of the ordinance the de-   [*267 fendant had offended.

4. It is not stated, that the defendant was convicted, though judgment is rendered against her.

The exceptions were supported by *McKean* and *Porter*, who cited, 1 Burn. 409, 142 ; Ordin. 29th March 1798, § 16 ; Bosc. 12 ; 1 Burn. 411 ; 5 State Laws, 265; 1 Burn. 413 ; 3 Mod. 159; 2 Burr. 1163; 4 Ibid. 2063; 5 T. R. 253 ; 2 Burr. 1176 ; Hullock 19, 200, 201 ; Bull. N. P. 333 ; Gilb. C. P. 225, 234–5 ; Salk. 378 ; 2 Hawk. 250 ; 1 Str. 316 ; 2 Ibid. 1120.

*Dickerson* (the solicitor for the corporation) endeavored to answer the exceptions, and cited 1 Str. 316 ; 10 Co. 125 ; 1 Bac. Abr.    But—

BY THE COURT.—Some of the objections are insurmountable.    In the first place, it is not sufficient to state the evidence ; but the magistrate must go on to declare, that the offence was committed, and the defendant thereof convicted.    Here, neither the offence, nor the conviction, are to be found in the proceedings.    In the next place, we have no statement where the defendant carried on the business of huckster ; and it might be, where it was no offence to do so ; or where the corporation had no jurisdiction to punish it as an offence.[1]    The proceedings are, therefore, manifestly erroneous, and must be set aside.

---

BLACK, Plaintiff in error, *v.* WISTAR.

*Waiver of error.—Amendment.*

Error may be waived, by consent.

Where there is a variance between the writ and the count, the writ may be amended by the *præcipe*, and if the execution varies from the judgment, the former may be amended by the latter.

IN Error from the court of Common Pleas of Northumberland county. The case was briefly this : William Wistar brought an action of debt against James Black, in the common pleas, to April term 1798.    The writ demanded a debt of 766l. 9s. 5d.    The declaration demanded a debt of 766l. 4s. 5d., on a bill obligatory for that sum, dated the 28th of May 1796, and payable in three months, with interest.    On the 10th of September 1798, judgment was entered for 869l. 3s. 6d., with costs.    A *fi. fa.* issued to January term 1799, for 766l. 9s. 5d., which was regularly returned, "stayed by order of plaintiff's attorney," with an additional indorsement, signed by Black, the defendant below, in these words : "I agree, that the sheriff return a levy on this writ, as of the term to which it is returnable :" and such a return was accordingly made, at a subsequent period.    On the 18th of July 1800, the sheriff held an inquest, by virtue of the above *fi. fa.* and returned the inquest annexed to the writ.    The inquest condemned the property ; and it was afterwards sold on a *vend. exp.*, when Wistar became the purchaser.

---

[1] S. P. Philadelphia *v.* Nell, 3 Yeates 475;    Philadelphia *v.* Mintzer, 2 Phila. 43 ; Philadelphia *v.* Roney, Id. 43.
Commonwealth *v.* Gillingham, 1 Brews 396;

Mitchell v. Smith.

*The following errors were now assigned :

1. The count varies from the writ, in the sum demanded.

2. The judgment varies from both writ and count, in the sum recovered.

3. The judgment was entered after the defendant's appearance, not in term time, nor at the settlement of the docket, nor according to any rule.

4. The execution varies from the judgment, in the sum for which it issued.

5. The execution was returned by the sheriff to January term 1799, as having been "stayed by order of plaintiff's attorney:" but after that, another return was made, to wit, "that the lands and tenements of the defendant had been levied upon ;" and an inquest was held upon the estate, in July 1800, by virtue of which the land, &c., was condemned, without any other authority, than the *fi. fa.* that had been returned as aforesaid, to January term 1799.

6. The general errors.

The case was argued by *W. Tilghman,* for the plaintiff in error, who cited the following authorities, principally to show, that the variances in the writ, count, judgment, and execution were fatal. Cro. Eliz. 198, 434 ; 5 Com. Dig. 25, C. 13 ; Cro. Eliz. 829, 308 ; Boh. Inst. 534 ; Reg. Plac. 282; 8 Vin. Abr. 474, pl. 1, 4, A; 2 Bro. Error, pl. 7; 9 Hen. VI., 38; 9 Vin. Abr. 474, pl. 6 ; Co. Litt. 288 *b ;* 1 Dall. Laws, 73, § 9 ; 3 Bac. Abr. 369, P.; Ibid. 570 ; Roll. Abr. 778 ; 3 Com. Dig. 313, I., 3.

*McKean,* for the defendant in error, proved that the judgment had been entered by the consent in writing of the defendant's attorney, for the exact sum agreed upon. He then moved for leave to amend the execution by the judgment; citing the following authorities, to show the extent to which amendments had been permitted, in every stage of a suit. 8 Co. 157; 16 & 17 Car. II.; 1 Vent. 100 ; 5 Geo. I., c. 13 ; 2 W. Bl. 836 ; 1 Sup. Vin. Abr. 228, pl. 6 ; 1 T. R. 782 ; 1 W. Bl. 462 ; 2 Vent. 152 ; 8 Hen. VI., c. 15; 14 Edw. III.; 1 Wils. 303 ; 6 T. R. 450 ; 1 Sup. Vin. Abr. 210, pl. 9.

THE COURT (adverting to the proceedings by consent, to the means of amending the process by the *præcipe,* and the *fi. fa.* by the judgment) declared they had no doubt upon the case.

Judgment affirmed.

---

*269]                    *MITCHELL, Plaintiff in error, *v.* SMITH. (*a*)

*Illegal contract.*

A bond given in consideration of the purchase of land in Luzerne county, under the Connecticut title, is void.

ERROR from the Court of Common Pleas of Luzerne county, where an action of debt had been brought by Smith, for the use of Cash, against

---

(*a*) A contract in fraud of the positive laws and public policy of the United States, which exclude an alien from any degree of interest in an American registered vessel, is void. Maybin *v.* Coulon, 4 Dall. 298; s. c. 4 Yeates, 24 ; Duncanson *v.* McClure, 4 Dall. 303. The courts of the United States cannot lend their aid to establish a demand founded upon a violation of the laws of the United States. Though an individual is not bound, in all cases, to take notice of the revenue laws of a country to which he does not belong; yet, if he make a contract to be completed in a foreign country, and