IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2011-0277 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| FRANCISCO ANTONIO LOPEZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR201000990

Honorable James L. Conlogue, Judge

AFFIRMED

Thomas C. Horne, Arizona Attorney General
 By Kent E. Cattani, Joseph T. Maziarz,
 and Joseph L. Parkhurst                                                Tucson
                                                        Attorneys for Appellee

Harriette P. Levitt                                                    Tucson
                                                        Attorney for Appellant

K E L L Y, Judge.

¶1        Following a jury trial, appellant Francisco Lopez was convicted of attempted first-degree murder, five counts of aggravated assault, two counts of disorderly conduct, misconduct involving weapons as a prohibited possessor, and attempting to influence a witness.  The trial court sentenced him to combined concurrent and

consecutive prison terms totaling 52.5 years. On appeal, he argues there was insufficient evidence to support six of his convictions. He further asserts his constitutional right to a fair trial was denied due to prosecutorial misconduct. For the reasons that follow, we affirm.

## Background

**¶2** "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, ¶ 2, 141 P.3d 748, 750 (App. 2006). While on a "meth bender," Lopez and his girlfriend T. drove to his brother D.'s house to collect her children; she was upset that the children's father had allowed them to visit D. T. entered the house first and warned everyone inside that Lopez, who had a history of conflict with D., was coming and that he intended to kill D. As T. was gathering her children, Lopez fired a shot at D.'s girlfriend. Lopez then left with T. and her children. D. followed them in a truck and cut them off at a stop sign. Lopez fired several shots at D. before driving away. He evaded the police for approximately three weeks before he was arrested. Lopez was convicted and sentenced as stated above, and this appeal followed.

## Discussion

### Sufficiency of the Evidence

**¶3** Lopez first argues there was insufficient evidence to support his convictions on counts three through seven (attempted first-degree murder and four counts of aggravated assault) and count fourteen (attempting to influence a witness). In reviewing a claim of insufficient evidence, we examine the sufficiency of the evidence presented to

determine whether substantial evidence supports the jury's verdicts. *State v. Stroud*, 209 Ariz. 410, ¶ 6, 103 P.3d 912, 913 (2005). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt," *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996), and it "may be either circumstantial or direct," *State v. Henry*, 205 Ariz. 229, ¶ 11, 68 P.3d 455, 458 (App. 2003). We will reverse a defendant's convictions "only if 'there is a complete absence of probative facts to support [the jury's] conclusion.'" *State v. Carlisle*, 198 Ariz. 203, ¶ 11, 8 P.3d 391, 394 (App. 2000), *quoting State v. Mauro*, 159 Ariz. 186, 206, 766 P.2d 59, 79 (1988).

Counts Three Through Seven

¶4        With respect to the convictions for attempted first-degree murder and aggravated assault of D., Lopez argues the state failed to present sufficient evidence for the jury to have found beyond a reasonable doubt that he did not act in self-defense. *See* A.R.S. § 13-205 (requiring state to prove beyond reasonable doubt defendant's actions not justified). He asserts his "use of force was . . . justified in light of [D.]'s history of violence and his present aggressive behavior" and that "[t]he evidence is clear . . . that there was mutual combat between [Lopez] and [D.]"

¶5        Lopez did not testify, and his sole witness presented no evidence that Lopez had acted with justification. In cross-examining the state's witnesses, however, Lopez attempted to elicit testimony in support of his self-defense theory. And the trial court thereafter instructed the jury as to self-defense.

3

¶6        But the state presented substantial evidence that contradicted Lopez's justification theory. There was testimony that Lopez went to D.'s house intending to kill him. D. testified that, after he took shelter under the truck to avoid being shot, Lopez "dropped to his knees" and tried to shoot D. under the truck. And, a retired law enforcement officer who witnessed the events testified that Lopez had fired shots that appeared to be intended to hit D., rather than just warn him.

¶7        Because the state presented substantial evidence from which the jury could find beyond a reasonable doubt that Lopez's conduct was not justified, the record does not reflect "'a complete absence of probative facts to support [the jury's] conclusion'" that he was guilty of attempting to murder D. *Carlisle*, 198 Ariz. 203, ¶ 11, 8 P.3d at 394, *quoting Mauro*, 159 Ariz. at 206, 766 P.2d at 79. Likewise, because the aggravated assault charges resulted from the same conduct—Lopez shooting at D.—there was substantial evidence to support the jury's conclusion that his conduct was not justified for these charges.

Count Fourteen

¶8        Lopez maintains there was insufficient evidence to support his conviction for attempting to influence a witness because, at the time he contacted T., she had not yet been identified as a witness.[1] A person commits the crime of influencing a witness if, inter alia, he confers "any benefit upon a witness in any official proceeding or a person he

---

[1]To the extent Lopez attempts to argue the indictment was flawed for lack of specificity, that issue is waived for lack of argument. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (issue waived when argument insufficient to permit appellate review).

believes may be called as a witness" with the intent to influence the witness's testimony. A.R.S. § 13-2802(A). The purpose of the law is to "prevent the corrupt interference with the administration of justice"; therefore, the legislature criminalized "any attempt to . . . influence prospective witnesses [such] that the truth will not be presented in anticipated litigation." *State v. Ferraro*, 67 Ariz. 397, 399-400, 198 P.2d 120, 122 (1948).

¶9        Lopez mailed a letter to T. in which he promised "to hang up" his gang life and "become a loving husband" in exchange for her "stick[ing] to the story" they had discussed. His clear goal in so doing was to influence her future statements about the events leading up to the charges brought against them. This is precisely the kind of conduct the legislature intended to prohibit. *See id.* T. was an eyewitness to, and indeed a participant in, the crimes with which she and Lopez were charged. Thus, at a minimum, Lopez had to know the state would contact T. and seek her account of the incident. And the clear intent of his letter was to prevent a true account being presented to authorities and the court. Therefore, because Lopez knew T. was a prospective witness, substantial evidence supports the jury's verdict finding Lopez guilty of attempting to influence a witness.[2]

---

[2]Our review of the record reveals a discrepancy in the oral pronouncement of sentence and the sentencing minute entry. The sentencing minute entry indicates Lopez was convicted of influencing a witness, a class five felony, rather than attempted influencing a witness, a class six felony. However, the transcript of the sentencing hearing correctly reflects the verdict of "guilty of attempted influencing a witness," a class six felony. When we can ascertain the trial court's intent from the record, we need not remand for clarification. *See State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App. 1992). We, therefore, modify the sentencing minute entry to reflect that Lopez was convicted of attempted influencing a witness, a class six felony. *See State v. Hanson*, 138

5

**Prosecutorial Misconduct**

¶10 Lopez next claims the prosecutor committed misconduct by commenting on his right to remain silent. Lopez did not object to this alleged misconduct at trial, and he therefore has forfeited review absent fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). Fundamental error is that "'going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Id.* ¶ 19, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). The defendant has the burden of showing both that the error was fundamental and that it caused him prejudice. *Id.* ¶¶ 19-20.

¶11 "Prosecutorial misconduct 'is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial . . . .'" *State v. Aguilar*, 217 Ariz. 235, ¶ 11, 172 P.3d 423, 426-27 (App. 2007), *quoting Pool v. Superior Court*, 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984). For prosecutorial misconduct to qualify as fundamental error, the error must be "'so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *State v. Harrod*, 218 Ariz. 268, ¶ 35, 183 P.3d 519, 529 (2008), *quoting State v. Hughes*, 193 Ariz. 72, ¶ 26, 969 P.2d 1184, 1191 (1998).

---

Ariz. 296, 304-05, 674 P.2d 850, 858-59 (App. 1983) (holding "oral pronouncement of sentence controls" over sentencing minute entry).

**¶12** During direct examination, the prosecutor asked a police officer whether Lopez, in the approximately three-week period between the crimes and his arrest, had "ever turn[ed] himself in to cooperate with the police and give his side of the story for the events."[3] The officer responded, "No, he did not." Lopez asserts the prosecutor's question constituted misconduct because it was an "impermissible comment on his right to remain silent."

**¶13** The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Although the United States Supreme Court has held that the government may comment on a defendant's pre-arrest silence for impeachment purposes, it has not resolved the issue of whether, when a defendant does not testify, the state's use of the defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment. *See Jenkins v. Anderson*, 447 U.S. 231, 236 n.2 (1980). And, although our supreme court stated in *State v. Ramirez*, 178 Ariz. 116, 125, 871 P.2d 237, 246 (1994), that "[a] prosecutor may . . . comment on a defendant's pre-*Miranda*[4] warnings silence, either before or after arrest, because no governmental action induced [the defendant] to remain silent," it recently characterized this language as dictum. *See State v. VanWinkle*, 229 Ariz. 233, ¶ 9, 273 P.3d 1148, 1150 (2012) (noting *Ramirez* involved prosecutorial comment on defendant's actual statements and demeanor rather than his silence); *see also*

---

[3]Prior to the question being asked, Lopez had cross-examined witnesses and attempted to elicit testimony suggesting he had acted in self-defense.

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

7

*State v. Stevens*, 228 Ariz. 411, n.4, 267 P.3d 1203, 1207 n.4 (App. 2012) (context of statement in *Ramirez* refers to impeachment rather than direct evidence of guilt). In *VanWinkle*, the court held that the state may not comment on a defendant's post-arrest, pre-*Miranda* silence, but it did not decide the issue of pre-arrest silence. 229 Ariz. 233, ¶¶ 15, 20, 273 P.3d at 1152, 1153.

¶14 Some federal courts of appeal, including the First, Sixth, Seventh and Tenth Circuits, have held that pre-arrest, pre-*Miranda* silence is not admissible as substantive evidence of guilt. *See Combs v. Coyle*, 205 F.3d 269, 283 (6th Cir. 2000); *United States v. Burson*, 952 F.2d 1196, 1200-01 (10th Cir. 1991); *Coppola v. Powell*, 878 F.2d 1562, 1568 (1st Cir. 1989); *United States ex rel. Savory v. Lane*, 832 F.2d 1011, 1017-18 (7th Cir. 1987). But, unlike here, in each of these cases the defendant's pre-arrest silence occurred in the context of official questioning. *Combs*, 205 F.3d at 278-79; *Burson*, 952 F.2d at 1200; *Coppola*, 878 F.2d at 1567; *Savory*, 832 F.2d at 1015.

¶15 The Fifth, Ninth and Eleventh Circuit courts of appeal have taken the opposite view, that a defendant's pre-arrest, pre-*Miranda* silence is admissible as substantive evidence of guilt. *See United States v. Oplinger*, 150 F.3d 1061, 1066-67 (9th Cir. 1998), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010) (per curiam); *United States v. Zanabria*, 74 F.3d 590, 593 (5th Cir. 1996); *United States v. Rivera*, 944 F.2d 1563, 1568, 1568 n.12 (11th Cir. 1991). The Fifth Circuit reasoned that the Fifth Amendment "protects against compelled self-incrimination but does not . . . preclude the proper evidentiary use and prosecutorial comment about every communication or lack thereof by the defendant which may give rise to an

incriminating inference." *Zanabria*, 74 F.3d at 593 (emphasis omitted).  The Ninth

Circuit agreed, adopting its holding in *United States v. Giese*, 597 F.2d 1170, 1197 (9th

Cir. 1979), that "'[n]either due process, fundamental fairness, nor any more explicit right

contained in the Constitution is violated by the admission of the silence of a person, not

in custody or under indictment, in the face of accusations of criminal behavior.'"

*Oplinger*, 150 F.3d at 1067, *quoting Giese*, 597 F.2d at 1197 (alteration in *Oplinger*); *see*

*also Rivera*, 944 F.2d at 1568, 1568 n.12 (defendant's pre-arrest silence admissible as

substantive evidence because no *Miranda* warnings given assuring silence would not be

used).  The Ninth Circuit also drew guidance from Justice Stevens's concurrence in

*Jenkins*. *Oplinger*, 150 F.3d at 1066.  In that case, Justice Stevens explained,

> The fact that a citizen has a constitutional right to remain
> silent when he is questioned has no bearing on the probative
> significance of his silence before he has any contact with the
> police. . . .  When a citizen is under no official compulsion
> whatever, either to speak or to remain silent, I see no reason
> why his voluntary decision to do one or the other should raise
> any issue under the Fifth Amendment.  For in determining
> whether the privilege is applicable, the question is whether
> petitioner was in a position to have his testimony compelled
> and then asserted his privilege, not simply whether he was
> silent.  A different view ignores the clear words of the Fifth
> Amendment.

*Jenkins*, 447 U.S. at 243-44 (Stevens, J., concurring).

¶16        We find the reasoning of the Fifth, Ninth and Eleventh Circuits persuasive

and agree that, when a defendant's silence is not the result of state action, the protections

of the Fifth Amendment do not prohibit the state's comment on that defendant's

9

pre-arrest, pre-*Miranda* silence. *See Oplinger*, 150 F.3d at 1067; *Zanabria*, 74 F.3d at 593; *Rivera*, 944 F.2d at 1568, 1568 n.12.

**¶17** Here, the prosecutor's question referred to Lopez's pre-arrest, pre-*Miranda* silence, which did not occur in the context of any state action compelling him to speak. Indeed, during the period referred to by the question, Lopez had not yet had any contact with law enforcement in relation to these offenses. Therefore, Lopez's silence is not protected by the Fifth Amendment, and the prosecutor's question was not improper. *See Oplinger,* 150 F.3d at 1067 ("The [Fifth Amendment's] self-incrimination clause was intended as a 'limitation on the investigative techniques of government, not as an individual right against the world.'"), *quoting United States v. Gecas*, 120 F.3d 1419, 1456 (11th Cir. 1997). Accordingly, we find no error, much less fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607.

### Disposition

**¶18** Lopez's convictions and sentences are affirmed.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge