NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CHRISTOPHER LEE DEVORCE, *Appellant*.

No. 1 CA-CR 15-0751
FILED 11-22-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-121101-001
The Honorable Annielaurie Van Wie, Commissioner

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

**¶1** Christopher Lee Devorce ("Devorce") appeals his convictions and sentences for aggravated driving of a vehicle while under the influence of intoxicating liquor or drugs, a class 4 non-dangerous, non-repetitive felony, in violation of Arizona Revised Statutes ("A.R.S.") sections 28-1381 and 28-1383 (2016).[1] Devorce argues that the trial court erred by allowing the State to impeach his testimony in violation of his Fifth Amendment right not to have his silence used as evidence of guilt. For the reasons set forth below, we affirm Devorce's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2** Devorce was indicted for two counts of aggravated driving or actual physical control of a vehicle while under the influence of intoxicating liquor or drugs. A jury found him guilty of both counts.

**¶3** Sergeant P of the Phoenix Police Department was on patrol when he noticed a black Honda with a loose bumper. Sergeant P testified that he saw Devorce driving this vehicle and identified him as a person who had "very close shaved hair, a couple days (sic) growth beard, wearing a black T-shirt, dark complexion, [and] heavier set." Sergeant P observed the vehicle make abrupt movements and followed it into the El Pollo Loco parking lot. Sergeant P momentarily lost sight of the vehicle but, upon parking in the El Pollo Loco parking lot, he saw the same black Honda with the driver side door open and no occupants in the vehicle.

**¶4** Sergeant P then noticed Devorce sitting outside El Pollo Loco and recognized him as the Honda's driver. Before confronting Devorce, Sergeant P heard the Honda's electric doors lock. Sergeant P approached Devorce and asked him for his license. While speaking with Devorce,

---

[1] We cite to the current versions of statutes when no changes material to this decision have since occurred.

Sergeant P noticed that Devorce had slurred speech, had a moderate sway when he stood up, and that Devorce had removed the vehicle's key from his pocket when searching for his identification. The record does not reflect whether Devorce was given his *Miranda*[2] warnings, however, when confronted by Sergeant P, Devorce invoked his Fifth Amendment rights by requesting counsel. Sergeant P then arrested Devorce for driving under the influence and placed him in the backseat of his patrol vehicle. Upon entering the patrol vehicle, Devorce fell asleep and began to snore. Devorce was arrested at approximately 8:49 am however, his blood was not drawn until 11:11 am. At the time Devorce's blood was drawn, approximately two hours after his arrest, he had a BAC of .191, more than twice the legal limit.[3]

¶5            At trial, Devorce testified that his friend, Jay, had been driving the vehicle and had driven the vehicle into the El Pollo Loco parking lot. However, on cross examination, Devorce testified that he did not remember whether he had told Sergeant P that he was not driving, and that Jay was driving the vehicle at the time of his arrest. The State then re-called Sergeant P for rebuttal to testify that Devorce "never told [him] that anyone else was driving or that Jay had existed at this point." Sergeant P testified that Devorce never told him that he was not the driver of the vehicle and never informed Sergeant P that someone named Jay had been driving.

¶6            The jury found Devorce guilty on both counts. Devorce now timely appeals. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S §§ 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033(A)(1) (2010).

## DISCUSSION

¶7            Devorce contends that the trial court violated his Fifth Amendment rights by impeaching him with his post-arrest invocation of silence, and thus his convictions and sentences should be overturned. We review for fundamental error because Devorce failed to raise this objection at trial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citation omitted). Devorce therefore has the burden of persuasion and must establish both that a "fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶ 20 (citations omitted). Determining whether an error is

---

[2]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]        Both parties admit Devorce's BAC at the time of arrest was likely between .181 and .212.

fundamental is a fact specific inquiry. *State v. James*, 231 Ariz. 490, 493, ¶ 13 (App. 2013) (citation omitted).

## I.     Fifth Amendment Violation

**¶8**          In *VanWinkle*, our supreme court held that a person has the right to remain silent once in custody regardless of whether *Miranda* warnings had been given. *State v. VanWinkle*, 229 Ariz. 233, 236, ¶ 14 (2012) (citations omitted).  Further, a defendant's invocation of his *Miranda* rights and his post-arrest silence may not "be used to impeach an explanation subsequently offered at trial." *Doyle v. Ohio*, 426 U.S. 610, 618 (1976). Consistent with these Fifth Amendment rights, "a defendant's silence at the time of arrest cannot be used against him as inconsistent with testimony given at trial." *State v. Routhier*, 137 Ariz. 90, 95 (1983) (citations omitted). Despite this prohibition, a defendant's silence can be used to attack his credibility as a witness, *id.* at 98, when a "defendant makes a statement at trial which is inconsistent with an earlier statement [so that] his credibility is clearly in question," *State v. Calhoun*, 115 Ariz. 115, 118 (App. 1977) (citation and quotations omitted).  In contrast to contradictory statements at trial, a defendant's "silence at the time of arrest is *not* an inconsistent or contradictory statement." *State v. Anderson*, 110 Ariz. 238, 241 (1973) (emphasis added) (citation and quotations omitted).  Rather, this silence "is simply the exercise of a constitutional right that all persons must enjoy without qualification." *Id.* (citation and quotations omitted).

**¶9**          The parties agree that Devorce invoked his right to an attorney, and thus to silence.  Therefore, Devorce was not subject to questioning by Sergeant P during his arrest.  It is also uncontested that the State heard about Jay for the first time at trial.  However, the State argues that it is permitted to introduce that silence for rebuttal to contradict Devorce's contention at trial that he was not silent to police.

**¶10**         We disagree with the State.  Post-arrest silence can be used "to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest." *Doyle*, 426 U.S. at 619 n.11.  This exception to impeachment with post-arrest silence is limited to when the defendant testifies that he told the officers an exculpatory story following his arrest and again tells an exculpatory story at trial. *See also Van Winkle*, 229 Ariz. at 236, ¶ 14 ("The Fifth Amendment gives a person the right to remain silent once in custody, even if *Miranda* warnings have not yet been given"); *State v. Stuck*, 154 Ariz. 16, 21 (App. 1987) ("If a defendant, after receiving *Miranda* rights, voluntarily gives a

statement, that statement may be used to impeach his credibility if he testifies at trial to a directly exculpatory version of the facts.").

¶11            Devorce never testified that he told the police an exculpatory version of events.    Rather, Devorce testified to the following on cross examination:

> Q: Do you recall telling the officer I wasn't driving?
> A: I'm not sure.
> Q: Did you tell the officer Jay was driving?
> A: I'm not sure of that either. I don't remember too much. . . .
> Q: And you were in handcuffs and under arrest for driving under the influence, but you never told the officer that you weren't driving?
> A: I was intoxicated. We didn't really talk too much.

The proper conclusion from Devorce's testimony is that he was unsure whether he informed Sergeant P that Jay was driving the vehicle, not that he informed Sergeant P about Jay.   This testimony does not show that Devorce's trial testimony about not driving the car conflicted with his earlier statements.   This was insufficient to impeach Devorce under *Doyle*.

¶12            The State also argues that it did not comment on Devorce's silence at trial.   The record does not support that argument.   The State repeatedly commented on Devorce's silence about not driving the car during its closing argument.

¶13            We conclude the State violated Devorce's Fifth Amendment right by implying that his silence and failure to speak during his arrest aided in his plan to concoct a story to prove his innocence.   Furthermore, Devorce's impeachment was improper because there was no evidence that Devorce provided inconsistent statements.   Instead, Devorce chose to exercise his Fifth Amendment rights upon his arrest by remaining silent and then chose to testify at trial.

   II.    Fundamental Error

¶14            We affirm Devorce's conviction and sentence, however, because he failed to show that the error was fundamental and that it prejudiced him.  Fundamental error is an error that "goes to the foundation of the case or takes from the defendant a right essential to his defense." *State v. Thomas*, 130 Ariz. 432, 435 (1981) (citation and quotation omitted).  If an error occurred, "the prejudicial nature of the unobjected-to error must be evaluated in light of the entire record." *Id.* at 436 (citations omitted).

Moreover, to obtain a reversal, a defendant must also show that the fundamental error caused him prejudice. *Henderson*, 210 Ariz. at 568, ¶ 26.[4]

¶15      The error is harmless, even if fundamental, if the evidence of guilt is overwhelming, the trial record reflects the error, and the error does not contribute to a guilty verdict. *Anderson*, 110 Ariz. at 241. Therefore, even if the court finds an error, reversal is not required if it appears from the record that such error did not significantly affect the verdict of the case. *Thomas*, 130 Ariz. at 436.

¶16      We conclude that the error was harmless given the overwhelming evidence of guilt. Sergeant P positively identified Devorce as the individual driving the vehicle. Additionally, when Sergeant P arrested Devorce, Devorce was by himself outside of El Pollo Loco and had the car keys in his pocket. Sergeant P further testified that he noticed Devorce had the effects of alcohol impairment such as slurred speech and a moderate sway when he stood up. Additionally, when Devorce's blood was drawn two hours after his arrest, he had a BAC of .191. While Devorce claims that he was not driving the vehicle, he was unable to recall any identifying information relating to Jay, the alleged driver. Additionally, Jay was not called to testify on Devorce's behalf.

¶17      The record indicates that the violation of Devorce's Fifth Amendment rights did not significantly affect the outcome of the case.[5] Sergeant P's positive identification of Devorce as the driver, the absence of other individuals at Devorce's arrest, Devorce's BAC level, and Devorce's lack of identifying information relating to Jay, overwhelmingly lead to the conclusion that the jury would have found Devorce guilty of the charged

---

[4]    The fundamental error test for prejudice is essentially the same as the harmless error test. However, for fundamental error, the defendant bears the burden of proving prejudice. *Henderson*, 210 Ariz. at 610-11, ¶¶ 37-39 (Hurwitz, J., concurring).

[5]    While the State inappropriately commented on Devorce's silence, *supra*, ¶ 12, these comments are insufficient to find fundamental error or prosecutorial misconduct. We reject Devorce's apparent argument about prosecutorial misconduct because to the extent the comments were inappropriate, they did not "permeate[] the entire atmosphere of the trial." *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (citations and quotations omitted).

crimes even without the admission of the statements that violated Devorce's Fifth Amendment rights.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm Devorce's convictions and sentences.

