NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

SHADOWE BEAR DEAN, *Appellant.*

No. 1 CA-CR 18-0173
FILED 2-12-2019

Appeal from the Superior Court in Navajo County
No. S0900CR201400711
The Honorable Ralph E. Hatch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Emery K. La Barge Attorney at Law, Snowflake
By Emery K. La Barge
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

_____

**W E I N Z W E I G**, Judge:

¶1 Shadowe Bear Dean appeals from the revocation of his intensive probation and resulting sentences. After searching the record and finding no arguable, non-frivolous question of law, Dean's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Dean had an opportunity to file a supplemental brief but did not. After reviewing the record, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Dean had sexual relations with a minor, A.L., before and after he turned 18 years old. A.L. was 13 years old when the relationship began. Dean and A.L. recognized the legal concerns with the relationship when Dean became a legal adult, but they continued having sexual relations.

¶3 Dean was arrested one month after his eighteenth birthday. He pled guilty to attempted sexual conduct with a minor under 15 years of age (a dangerous crime against children and class 3 felony). A.R.S. § 13-1405(A); A.R.S. § 13-705(J), (O), (Q)(1)(e). The superior court suspended his sentence and imposed eight years of standard probation. Dean agreed to abide by the uniform conditions of supervised probation, including the requirement that he "maintain a crime-free lifestyle, by obeying all laws."

¶4 Dean violated the terms of his probation when he moved to a new residence in Navajo County and failed to inform the county sheriff within 72 hours as required under A.R.S. § 13-3822(A). He pled guilty to the offense, a class 4 felony, A.R.S. § 13-3824(A), and agreed he violated the terms of his probation. The superior court reinstated his term of probation, but placed him on intensive probation. Dean's probation terms required him to complete 40 hours of community service per month and to comply with all written directives of his probation officer; he was also prohibited from consuming alcohol and required to stay home unless for work, school, community service, or as approved by his probation officer.

2

**¶5**       Dean again violated the terms of his probation.  He consumed alcohol, visited two people he was ordered not to visit, left home without permission and neglected to perform monthly community service requirements.  The assigned probation officer petitioned to revoke Dean's probation in July 2016 and January 2017.  Dean contested the alleged violations, and the superior court eventually held a probation revocation hearing over two days in June and November 2017.

**¶6**       At the hearing, the superior court admitted eight exhibits and heard testimony from the person responsible for collecting urine samples and Dean's probation officer.  The court determined Dean violated his probation conditions and revoked his probation.  The court sentenced him to five years in prison for the original offense of attempted sexual conduct with a minor (receiving 991 days of presentence incarceration credit) and two years for failure to notify the sheriff of his new address (receiving 630 days of presentence incarceration credit), to run concurrently.  Dean timely appealed.  We have jurisdiction pursuant to Ariz. Const. art. 6, § 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

**¶7**       We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none, except for the clerical errors and miscalculated presentence incarceration credit explained in paragraphs 9-10.

**¶8**       Dean was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Dean all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate hearings, and the evidence presented at the revocation hearing and summarized above was sufficient to support the court's decision.  Dean's sentences fall within the range prescribed by law.

**¶9**       We identified two clerical errors in the superior court's January 16, 2018 minute entry.  The minute entry must be modified to reflect in CR 2014-00711 (page two) that Dean violated A.R.S. §§ 13-1001, 13-**1**405, 13-**1**401, 13-705, 13-701, and 13-801, rather than "A.R.S. §§: 13-1001, 13-**3**405, 13-**3**401, 13-705, 13-701, and 13-801."  (Bold and underline added.)  The minute entry must also be modified to reflect in CR 2016-00042 (page two) that "Defendant shall serve a term of 2.0 years," as the court orally stated at the sentencing hearing, rather than the presumptive "term of 2.5

years." *See* Ariz. R. Crim. P. 26.16(a) ("The judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court."); *State v. Lopez*, 230 Ariz. 15, 18, ¶ 9 n.2 (App. 2012) (correcting sentencing minute entry to reflect the court's oral pronouncement).

**¶10**     The superior court also miscalculated Dean's presentence incarceration credit in the January 16, 2018 minute entry for both CR 2014-00711 and CR 2016-00042. We modify Dean's sentence to reflect he served and was entitled to 994 days of presentence incarceration credit in CR 2014-00711 and 632 days of presentence incarceration credit in CR 2016-00042. *See State v. Stevens*, 173 Ariz. 494, 495-96 (App. 1992) (correcting presentence incarceration credit by modifying sentence without remanding).

## CONCLUSION

**¶11**     Dean's convictions and sentences are affirmed, except for the clerical and sentencing modifications explained in paragraphs 9-10. Counsel's obligations in this appeal will end once Dean is informed of the outcome and his future options, unless counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Dean has 30 days from the date of this decision to proceed with a *pro se* motion for reconsideration or petition for review.[1]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]     We did not review the superior court's restitution order that was entered after Dean filed his notice of appeal because it must be separately appealed as "[a]n order made after judgment affecting the substantial rights of the party." A.R.S. § 13-4033(A)(3); *see* Ariz. R. Crim. P. 31.2(a).